UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AK'WA, LLC, a Michigan limited liability
company and WANDA QUIGLEY,

        Plaintiff(s),        CASE NUMBER: 09-11405
                              HONORABLE VICTORIA A. ROBERTS

v.

NATURAL STYLES, INC., a Nevada
Corporation and TOMMY E. COLLINS,

        Defendant(s).
_____/

**ORDER DENYING PLAINTIFFS'
MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT**

**I.    INTRODUCTION AND PROCEDURAL HISTORY**

On June 26, 2009, Plaintiffs filed a Second Amended Complaint for breach of contract and misrepresentation.

Before the Court is Plaintiffs' "Motion for Leave to File Their Third Amended Complaint." (Doc. #23). Plaintiffs say their proposed claim against Tommy Collins for tortious interference with contract merely conforms with Collins' deposition testimony. This cause of action springs from Defendants' failure to fulfill its agreement to purchase land, buildings, and equipment from Plaintiffs.

**II.    APPLICABLE LAW AND ANALYSIS**

While Fed. R. Civ. P. 15(a)(2) says, "[t]he court should freely give leave [to amend] when justice so requires," leave may be denied when amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

1

Defendants say allowing Plaintiffs to amend their Complaint would be futile; the proposed amended complaint would not withstand a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *See Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 421 (6th Cir. 2000) ("a proposed amendment is futile only if it could not withstand a Rule 12(b)(6) motion to dismiss.").

Under Fed. R. Civ. P. 12(b)(6), the Court "construe[s] the complaint liberally in the plaintiff's favor and accept[s] as true all factual allegations and permissible inferences therein." *See Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994) (citing *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir. 1976)); *see also Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). The Court cannot weigh evidence or evaluate the credibility of witnesses. *See Miller*, 50 F.3d at 377 (citing *Cameron v. Seitz*, 38 F.3d 264, 270 (6th Cir. 1994)). However, the complaint must contain either direct or inferential allegations with regard to all the material elements to sustain recovery under some viable legal theory. *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993) (citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

"It is now settled law that corporate agents are not liable for tortious interference with the corporation's contracts unless they acted solely for their own benefit with no

benefit to the corporation." *Reed v. Michigan Metro Girl Scout Council*, 201 Mich. App. 10, 13 (1993) (citing *Bradley v. Philip Morris, Inc.*, 194 Mich. App. 44, 50-51 (1992); *Feaheny v. Caldwell*, 175 Mich. App. 291, 305-06 (1989)).

Plaintiffs' proposed Third Amended Complaint fails to set forth sufficient allegations to support a tortious interference claim. It particularly fails to address the requirement that Plaintiffs plead sufficient plausible facts that Collins acted solely for his own benefit.

Further, at this stage of litigation, the Court is concerned about whether Plaintiffs can make such an allegation in good faith. Discovery closed on October 30, 2009, and a review of Collins' deposition testimony reveals that Plaintiffs cannot support their tortious interference claim.

Collins testified that he sought financing above the purchase price so that Natural Styles would have working capital above the amount of the Purchase Agreement. *See* Collins' deposition, pp. 27, 36-37, 56-58. Collins believed that $1.5 million was necessary for Natural Styles to be successful. *See* Collins' deposition, pp. 65, 91. According to Collins, he did not believe the $1.25 million financing commitment from Sitka Commercial Investments was definitely secured. *See* Collins' deposition, pp.65-66, 68. And, it appeared to Collins that $1.5 million was not obtainable. *See* Collins' deposition, p. 67-68.

Based on Collins' deposition testimony, it appears that because the project would be under financed, Collins did not complete the transaction. This evidence, if believed, does not suggest that Collins acted solely for his own benefit.

**III.   CONCLUSION**

Plaintiffs' proposed Third Amended Complaint does not sufficiently state a claim for tortious interference with contract; their motion is **DENIED WITH PREJUDICE**.

**IT IS ORDERED**.

                                                  s/Victoria A. Roberts
                                                  Victoria A. Roberts
                                                  United States District Judge

Dated: January 25, 2010

> The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on January 25, 2010.
>
> s/Linda Vertriest
> Deputy Clerk